# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
)
UNITED STATES OF AMERICA )
)
v. ) Criminal No. 13-CR-0285 (KBJ)
)
EDWARD MURPHY, )
)
Defendant. )
)
_____ )

## MEMORANDUM OPINION & ORDER

The parties appeared before this Court for a status conference on February 4, 2014. At the appearance, Defendant Edward Murphy expressed dissatisfaction with his current appointed attorney, Richard A. Seligman, and orally requested new counsel. The defendant also submitted a letter to the Court echoing his request for new counsel, which the Court construes as a motion to appoint substitute counsel. (Mot. (Letter) to Dismiss Counsel, ECF No. 8.) Seligman is Murphy's second appointed lawyer in regard to the instant matter, and this is Murphy's second request for substitution of counsel. (*See* Minute Entry of Oct. 16, 2013 (noting that the Court granted the defendant's first oral request for new counsel).) Both in his motion and on the record in open court, Murphy contends that Seligman is not looking out for his best interests, has been ineffective, and has conveyed "incorrect and confusing" information about this case. (*See id.*) For his part, Seligman represents that, in his opinion, his client no longer trusts his evaluation of the case and insists on dictating his own legal argument. Further, Seligman agrees with his client that their relationship has deteriorated to the point that it would be difficult, if not impossible, for him to continue to provide effective representation.

Under the Sixth Amendment, a defendant has the right to retain a lawyer of his choice, but that right is not absolute. *Powell v. Alabama*, 287 U.S. 45, 53 (1932); *United States v. Turcios*, 107 F.3d 924, 924 (D.C. Cir. 1996) (citation omitted). One important limitation is that where, as here, a criminal defendant requires appointed counsel, "that defendant 'has no constitutional right to *appointed* counsel of choice.'" *United States v. Sitzmann*, 826 F. Supp. 2d 73, 92-93 (D.D.C. 2011) (quoting *United States v. Childress*, 58 F.3d 693, 736 (D.C. Cir. 1995) (emphasis in original)). "When an indigent defendant seeks appointment of substitute counsel pro se, [] the district court generally has an obligation to engage the defendant in a[n on-the-record] colloquy concerning the cause of the defendant's dissatisfaction with his representation[,]" *United States v. Graham*, 91 F.3d 213, 221 (D.C. Cir. 1996) (citations omitted), and in that colloquy, the defendant bears the burden of demonstrating good cause for the substitution. *Sitzmann*, 826 F. Supp. 2d at 93. Examples of good cause include "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication'" to the extent that it prevents the defendant and his attorney from preparing an adequate defense. *Id.* (quoting *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991)).

Here, the Court engaged in an on-the-record colloquy with Murphy, and based on that colloquy and on Seligman's representations, it is evident that good cause exists to warrant substitution of counsel in this case. The rift between the defendant and his current lawyer is best characterized as an irreconcilable conflict about legal strategy that has been exacerbated by a complete breakdown in communication due to the defendant's distrust of his attorney. The strained relationship between attorney and client is evidently hindering plea negotiations, and, if need be, threatens to prevent

adequate preparation of a defense for trial.  Therefore, substitution is warranted.  *See Sitzmann*, 826 F. Supp. 2d at 93.

Accordingly, it is hereby

**ORDERED** that Defendant's [8] motion to substitute counsel is **GRANTED**.  It is

**FURTHER ORDERED** that Seligman shall remain counsel of record and continue to represent the defendant at any and all proceedings related to this matter until substitute counsel files a notice of appearance, at which point Seligman may file a motion to withdraw as counsel.

**SO ORDERED**.

Date:  February 4, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge